Filed 1/27/14  In re Noah K. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re NOAH K., a Person Coming Under the Juvenile Court Law. | B247711 |
| THE PEOPLE, | (Los Angeles County Super. Ct. No. VJ42833) |
| Plaintiff and Respondent, | |
| v. | |
| NOAH K., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephanie M. Davis, Juvenile Court Referee.  Affirmed.

Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Noah K. appeals from an order of the juvenile court declaring him a ward of the court under Welfare and Institutions Code section 602 after the court found true an allegation that he committed second degree robbery, a felony, in violation of Penal Code section 211. His appointed counsel found no arguable issues for appeal. We find no basis for reversal and affirm.

**FACTUAL AND PROCEDURAL SUMMARY**

Lawrence W., 15 years old, was skateboarding in a parking lot at an elementary school on the afternoon of July 16, 2012. He was approached by three young men walking shoulder to shoulder. Lawrence identified appellant as the person in the middle of the group. Appellant told Lawrence to empty his pockets. As he did so, the man to appellant's right brandished a silver pocket knife. Appellant denied seeing the knife and said he did not know about it. Lawrence was afraid he would be harmed if he resisted. So he emptied his pockets, taking out a cell phone. Appellant took the cell phone. The three men walked to a car and drove away. Lawrence reported the robbery. He had a hunch that he knew the man in the middle and looked on Facebook for photographs posted by friends. He found a photo of appellant, who attended the same high school. He told an investigating officer that he knew one of the robbers.

Deputy Sheriff Aaron King was assigned to investigate the robbery. He spoke to Lawrence, who identified appellant as the person who took his cell phone. Deputy King contacted appellant. Appellant was advised of his *Miranda*[1] rights and acknowledged that he understood them. He initially denied any knowledge or involvement in the robbery of Lawrence. Deputy King told him that he had been positively identified by the victim, who knew him from school. Appellant admitted that he told Lawrence to empty his pockets and took the telephone, but said he was not the person with the knife. Deputy King asked where the cell phone was. Appellant told him that he gave it to a friend to hold. Deputy King contacted that person and recovered a cell phone. He took the phone

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436.

to Lawrence, who was able to identify it as his by entering his own password to unlock it in the deputy's presence.

A petition was filed against appellant under Welfare and Institutions Code section 602, alleging he committed the felony robbery of Lawrence in violation of Penal Code section 211. Appellant denied the allegations. Lawrence, Deputy King, and appellant testified at the adjudication. Appellant's counsel made a *Miranda* objection to Deputy King's testimony about appellant's admissions of guilt. He argued that Deputy King was obligated to affirmatively ask appellant whether he wanted an attorney after appellant acknowledged that he understood his rights under *Miranda*. There was no evidence that appellant indicated that he wanted an attorney during the interrogation, and the trial court overruled the objection.

Appellant testified in his own defense. He said he met the other two robbers, whom he knew from playing basketball, at a neighborhood park. They offered him a ride home after the basketball game ended. As they drove, the two asked appellant if he wanted to "'jack'" people. He thought this was a joke. But when they saw Lawrence, the other two said, "Let's rob him." Appellant was not scared, but felt peer pressure to participate in the robbery. He did not know that one of them possessed a knife and planned to use it in the robbery. He never saw the knife during the course of the robbery.

The court sustained the petition, finding evidence beyond a reasonable doubt that the phone was taken from Lawrence by the use of force and fear. It found all the elements of robbery under Penal Code section 211 were proven beyond a reasonable doubt. With the agreement of counsel, the court immediately proceeded to disposition.

The court considered the probation report, appellant's school records demonstrating improving grades after this incident and prior disciplinary incidents, and records of completed and continuing counseling. He also considered a letter submitted by appellant. Appellant had no prior juvenile record. He addressed the court and acknowledged that he had made a big mistake. He admitted that he had been stupid, but said "that's not who I am." Appellant said he had changed a lot since the robbery and

3

was attending school and obeying his parents. He said he wanted to change and promised that the court would not see him again.

The court followed the probation department's recommendation and ordered appellant home on probation. He was ordered to spend the school spring break from March 29 to April 7, 2013 in juvenile hall. Appellant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent appellant on appeal. Appointed counsel filed an appellate brief raising no issues, but asking that we independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441–442. We advised appellant that he had 30 days within which to submit by brief or letter any contentions or argument he wished this court to consider. We have received no response to this letter. We have independently reviewed the entire record on appeal and find no arguable issues that could aid appellant.

## DISPOSITION

The order sustaining the petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



EPSTEIN, P. J.

We concur:


MANELLA, J.


SUZUKAWA, J.


4